IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Maochun Ye,<br><br>Plaintiff(s),<br><br>v.<br><br>Kevin Goettl et al,<br><br>Defendant(s). | Case No. 14-cv-01531<br>Judge Jeffrey T. Gilbert |

## ORDER

Defendants' Motion to Compel Certain Discovery Responses from Plaintiff [19] is denied. See Statement below for further details.

## STATEMENT

      Defendants Cliff Viessman, Inc., and Kevin Goettl ("Defendants") move to compel Plaintiff Maochun Ye ("Plaintiff") to answer Defendants' Interrogatory No. 24 and produce documents in response to Defendants' Requests to Produce Nos. 10 and 12. Plaintiff objects to responding substantively to Defendants' interrogatory and requests for production of documents on the ground that the discovery sought is irrelevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

      The Court agrees with Plaintiff. Defendants' discovery requests are overbroad, unduly burdensome and seek evidence that is not relevant or reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. In the Court's view, it is unlikely that evidence concerning the wealth or poverty of Plaintiff's decedent's next of kin would be admitted at the trial of this case on the issue of what decedent was likely to contribute to her next of kin had she not died, although this Court is not deciding the question of admissibility at this time. The Court agrees with Plaintiff's argument in the parties' joint filing [ECF 19] that the wealth or poverty of the decedent's next of kin generally is not considered in determining Plaintiff's damages in an action such as the case at bar. See Illinois Pattern Jury Instruction ("IPI") 31.07 ("Ordinarily evidence is not admitted as to wealth or poverty or the widow or next of kin"); Exchange National Bank of Chicago v. Air Illinois, Inc, 167 Ill. App. 3d 1081, 1088-89 (1st Dist. 1988).

      The Court does not agree with Defendants' interpretation of the note to IPI No. 31.07 as recognizing that wealth or poverty evidence of the next of kin is admissible as a matter of course to rebut the presumption that the decedent's next of kin have "sustained some substantial pecuniary loss by reason of the death." IPI 31.06. Rather, the note and the case law cited by the parties lead the Court to conclude that such evidence is not admissible in the ordinary course but only as a curative measure to the extent such evidence does make it into the record in a particular

case. On the record before it, the Court does not believe this is a case in which such wealth or poverty evidence relating to decedent's next of kin would be admitted so the curative provision would be inapplicable. As such, Defendants' discovery requests do not seek evidence that is relevant or reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b)(1).

Accordingly, for these reasons, Defendants' Motion to Compel [19] is denied. It is so ordered.

Date: 12/30/2014

Magistrate Judge Jeffrey T. Gilbert