IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAOCHUN YE, as Special Administrator of the Estate of CATHERINE CONG YE, Deceased,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF VEISSMAN, Inc., and KEVIN GOETTL,<br><br>　　　　　　Defendants, | No. 14-cv-01531<br><br>Jeffrey T. Gilbert<br>Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maochun Ye, as Special Administrator of the Estate of Catherine Cong Ye, deceased, brings this wrongful death action against Defendants Cliff Viessman Inc. and Kevin Goettl. Plaintiff accuses Defendants of negligently operating a tractor-trailer truck in a manner that caused the truck to collide with Catherine and end her life. Defendants have filed a Motion to Compel the production of the Facebook archives of Catherine and her next of kin going back seven years before Catherine's death. For the reasons set forth below, Defendants' motion is denied.

### I. BACKGROUND

On the morning of April 22, 2013, Catherine was walking on West Randolph Street in Chicago, Illinois. (ECF No. 1-1 Complaint ¶ 3.) At that time, Defendant Kevin Goettl, an employee of Defendant Cliff Viessman, Inc., was approaching West Randolph Street driving a tractor-trailer leased by Defendant Viessman. (*Id.* ¶ 4.) Plaintiff alleges that as Defendant Goettl turned onto West Randolph Street, his vehicle traveled over and onto the sidewalk where Catherine was standing, causing a collision that ended her life. (*Id.* ¶¶ 5, 10.) Plaintiff filed this

suit in the Circuit Court of Cook County on February 7, 2014. The suit was removed to this Court on March 3, 2014. Jurisdiction and venue are proper. 28 U.S.C. §§ 1332, 1391.

Plaintiff is Catherine's father and has brought this wrongful death action on behalf of her estate. (Complaint ¶ 14.) Plaintiff is seeking recovery for Catherine's mother, Qian Zhang, her sister, Amy Ye, and himself, alleging that, as Catherine's next of kin, they suffered pecuniary loss as a result of her death. *Id.* ¶ 12. On April 24, 2014 Defendants served upon Plaintiff a Request for Production in accordance with Rule 34 of the Federal Rules of Civil Procedure. (ECF No. 19-3 Defendants' First Request for Production.) In that request, Defendants requested "[a] full archive of any documents, notes, messages, photographs, or any other information from any social media account held by the decedent [and by any next of kin of the decedent], including an archive from any Facebook account . . . from 2007 through the date of [the decedent's] death." (*Id.* ¶¶ 25, 26.) Plaintiff objected to both requests, claiming they were "unlimited in scope, non-specific, vague, and overburdensome." (ECF No. 19-5 Plaintiff's Response to Defendants' First Request for Production ¶¶ 25, 26.)

Defendants then made a Supplemental Rule 34 Request for Production and served it on Plaintiff on May 28, 2015. (ECF No. 52 Defendants' Motion to Compel ¶ 1; *see also* ECF No. 52-2 Defendants' Ex. B.) In the supplemental production request, Defendants asked Plaintiff to produce a "complete archive of the Facebook pages of Catherine Cong Ye, Maochun Ye, Qian Zhang, and Amy Ye." (ECF No. 52-2 Defendants' Ex. B.) Defendants also gave Plaintiff instructions on how to download such information from Facebook. *Id.*

Plaintiff did not directly object to the supplemental request but, instead, alleges that the original objection is sufficient because the supplemental request "is identical in substance to Request numbers 25 and 26 of Defendants' original Rule 34 Request for Production[.]" (ECF

2

No. 65 Plaintiff's Response to Defendants' Motion to Compel ¶ 7.) Counsel for Defendants and Plaintiff conferred in good faith pursuant to Local Rule 37.2 but were unable to resolve these discovery issues. (ECF No. 52 Defendants' Motion to Compel ¶¶ 7, 8.) Defendants now ask this Court to compel Plaintiff's responses to Defendants' Supplemental Rule 34 Request for Production.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) allows the parties to engage in broad, liberal discovery "regarding any nonpriviledge matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed.R.Civ.P. 26(b)(1). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *D.O.H. ex rel. Haddad v. Lake Central School Corp.*, 2014 WL 174675, at *1 (N.D. Ind. 2014); Fed.R.Civ.P 37(a). The party who objects to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). Courts exercise broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).

Facebook and other repositories of social media content present a unique challenge for courts. The amount of information potentially subject to production is huge, data is retained for a long period of time, and the number of people with whom the Facebook account holder communicates is potentially limitless. Nonetheless, a court may compel production of a party's Facebook information if the party seeking disclosure makes a threshold relevance showing. *Equal Emp't Opportunity Comm'n v. Simply Storage Mgmt., LLC*, 270 F.R.D 430, 434-35 (S.D. Ind. 2010); *see also Higgins v. Koch Development Corp.*, 2013 WL 3366278, at *2 (S.D. Ind.

July 5, 2013); *Thompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012). Courts are thus tasked with the challenge of "applying traditional discovery rules and standards to the new amorphous context that is social media." *Appler v. Mead Johnson & Co., LLC*, 2015 WL 5615038, at *2 (S.D. Ind. Sept. 24, 2015).

In addition, Rule 34(b) requires the requesting party to describe the information to be produced with "reasonably particularity". Fed.R.Civ.P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (internal quotations omitted). Discovery can be limited when it is unreasonably cumulative, overly broad, unduly burdensome, or irrelevant. Fed.R.Civ.P. 26(b)(2)(C).

Finally, although neither party addresses the amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, those amendments subtly narrowed the concept of relevance for purposes of discovery. They deleted from Rule 26 a party's ability, for good cause, to obtain discovery of any information relevant to the subject matter of the case, and the notion that information is discoverable, even if not directly relevant, if it is reasonably calculated to lead to the discovery of admissible evidence. *See* Advisory Committee Notes to the 2015 Amendment to Rule 26 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 2074(a) and by order of the United States Supreme Court dated April 29, 2015, the amendments govern all proceedings commenced on or after December 1, 2015, and all proceedings then pending "insofar as just and practicable." The Court sees no reason not to apply the new Rules to the discovery dispute in this case. Frankly, however, the result the Court reaches today would be no different under the old or the new Rules for the reasons discussed below.

4

## III. DISCUSSION

In this wrongful death action, Plaintiff claims that the decedent's next of kin "were dependent upon [the decedent] and suffered pecuniary loss, including grief, sorrow, mental suffering, and the loss of financial support, loss of her society, companionship and consortium, all as a result of her death." (Complaint ¶ 12.) As discussed above, Defendants seek to compel the production of a full archive of the Facebook accounts maintained by Plaintiff's decedent and her next of kin, arguing that is relevant to determine the next of kin's pecuniary loss by reason of the death of Plaintiff's decedent. Specifically, Defendants argue that the information can provide a means for determining the decedent's physical and mental characteristics, her habits, the relationship between the next of kin and the decedent, and the grief, sorrow, and mental suffering of the next of kin. (Defendants' Motion to Compel at p. 3; *see also* I.P.I. Civil Pattern Jury Instruction 31.06.) For the reasons discussed below, the Court agrees that material in the Facebook archives may contain relevant information but finds that the scope of the request is overbroad.

There is no dispute that *some* of the decedent's and her next of kin's social media profiles contain information that is relevant to a claim or defense in this lawsuit. Indeed, Plaintiff agrees that Defendants are entitled to relevant information that bears on the issues of liability and damages. (ECF No. 56 Plaintiff's Response to Defendants' Motion to Compel at p. 3.) For example, the decedent's mother, Qian Zhang, testified that she used Facebook to keep up with the decedent. (*See* ECF No. 52-4 Defendants' Ex. D at p. 66). Further, Defendants assert that a limited ability to publicly view Ms. Zhang's Facebook profile has revealed that Ms. Zhang posted about her deceased daughter at least once on Facebook. (*See* ECF No. 52-5 Defendants' Ex. E.) The decedent's sister, Amy Ye, testified that her last interaction with the decedent was

through Facebook. (*See* ECF No. 52-3 Defendants' Ex. C at p. 32.) Some of this information could be relevant to the issue of damages within the meaning of Illinois Pattern Jury Instruction Civil 31.06, which directs a jury to consider, *inter alia*, the relationship between a decedent and her next of kin and the next of kin's mental and emotional suffering following a decedent's death in a wrongful death action.

Defendants, however, have not limited the scope of their request to a relevant time period or to content that is relevant to a claim or defense in this case. Instead, they are asking for unfettered access to the Facebook archives of Plaintiff's decedent and her next of kin. Specifically, Defendants request a complete download of the decedent's Facebook archive and the archives of her family members. When producing a full Facebook archive, "[t]here is no way to limit what is downloaded by content type or time." *Appler* 2015 WL 5615038, at *4. Discovery of a full Facebook profile would thus give Defendants "a generalized right to rummage at will through information that Plaintiff [and her next of kin] has limited to public view." *Thompkins*, 278 F.R.D. at 387-88.

The Court realizes that Defendants are seeking content relating to damage issues that are at times hard to ascertain, such as the grief, sorrow, and mental suffering of the decedent's next of kin following her death. But the fact that the decedent and her next of kin's mental and emotional state of minds may be relevant to Plaintiff's claim does not save Defendants' request from being overbroad. "The simple fact that a claimant has *had* social communications is not necessarily probative of the particular mental and emotional health matters at issue in [a] case." *EEOC*, 270 F.R.D at 435. Instead, the substance of the content is what determines relevance. *Id.* Although almost everything that is posted on social media can reflect a person's emotional state of mind, that does not mean that Defendants can inquire into every conversation and interaction

6

the decedent and her next of kin ever had with anyone in the world. *Holter v. Wells Fargo and Co.*, 281 F.R.D 340, 344 (2011); *see also EEOC*, 270 F.R.D at 434 ("Although . . . the contours of social communications relevant to a claimant's mental and emotional health are difficult to define, that does not mean that everything must be disclosed."). Therefore, even though Plaintiff has placed the decedent's and her next of kin's emotional state at issue in this case, Defendants have not narrowed the substance of their request to that issue. *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D 566, 571 (C.D. Cal. 2012).

Courts are reluctant to compel all-encompassing social media requests unless they are limited in scope to content that is relevant to a claim or defense in the case. *See Higgins*, 2013 WL 3366278. At *2 (finding that the production of social media content in order to provide evidence of mental and emotional suffering was relevant when the request was limited in scope to information relating to the plaintiffs' "enjoyment of life, ability to engage in outdoor activities, and employment"). Defendants' production request at issue here is not tailored to relevant content only. Defendants have not, for example, limited their request to communications or posts between the decedent and her next of kin. Instead, Defendants want the entire Facebook archives. Defendants' all-encompassing request captures communications with third-parties that have no apparent relevance to the issues in this case.

Courts found requests for social media content sufficiently tailored when limited to content or communications between specific parties about particular subject matter even before the recent amendments to the Federal Rules of Civil Procedure. *See Appler*, 2015 WL 5615038, at *3 (finding that a request limited to social media content that involved plaintiff and defendant was "limited to clearly target content that [was] relevant and that [would] lead to admissible

evidence."). Defendants' request here, however, does not target content relating to the people or subject matter that Defendants say they are trying to discover.

The scope of Defendants' request also is flawed because it is not limited to a reasonable period of time. Defendants effectively have requested the Facebook archive for Plaintiff's decedent from 2006 (the year Facebook became available) until her death in 2013. (Defendants' Reply Brief at p. 2.) Defendants, however, have failed to show why all Facebook information going back to 2006 (if Plaintiff's decedent even had a Facebook account in 2006) is relevant under Rule 26(b)(1). *See Mailhoit*, 285 F.R.D at 572 (finding seven years of Facebook photos "impermissibly overbroad"); *Appler*, 2015 WL 5615038, at *4 (finding five years an unreasonable amount of time).[1]

The decedent died in April of 2013. Certainly some social media content during the time period prior to death will be relevant to Plaintiff's claims in this case. Content from a reasonable time period before the death of Plaintiff's decedent likely is relevant to her relationships with her next of kin when she died. The time period following the decedent's death also may contain relevant information related to her next of kin's emotional or mental suffering. Defendants argue that all content within six and half years of the death of Plaintiff's decedent is relevant because it is evidence of the next of kin's society and companionship while the decedent lived in Chicago and away from her family. (Defendants' Reply Brief at p. 2.) Aside from this blanket assertion, however, Defendants have not established that this timeframe is proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1).

---

[1] Defendants note that Plaintiff's mother had a Facebook account beginning in 2010. (ECF No. 59, Defendants' Reply, at 2.) Facebook content going back three years before the death of Plaintiff's decedent that has a bearing on her relationship with her family during that period of time would appear to be relevant to Plaintiff's claims in this case.

8

Without more, the Court is reluctant to approve such a fishing expedition. Of course, if Plaintiff intends to present evidence of the relationship between his decedent and her next of kin going back almost seven years, that would cast a different light on Defendants' request. Otherwise, the relatively minimal relevance of the communications between Plaintiff's decedent and her family six or seven years before she died does not justify the burden on Plaintiff of reviewing potentially voluminous data going back that far for the purpose of identifying content that wold be covered by a properly narrowed request from Defendants.

It is possible to imagine a request more narrowly tailored to relevant content than the request at issue here. Perhaps one that is limited to a reasonable period of time and to specific content that bears on the issues of liability and damages in this case. But it is not the Court's role to tailor or re-write the discovery request for Defendants. "The proper method of obtaining such information [] is to serve upon Plaintiff properly limited requests for production of *relevant*" social media content. *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 WL 119149, at *7 (D. Nev. Jan.9, 2007) (*in original*). Because Defendants have not narrowly tailored their request to a reasonable time period and to specific content that they claim is relevant to a claim or defense in this case, the Court finds that the request is overbroad. The Court trusts that Defendants will re-formulate their request and that the parties will meet and confer about it as necessary to reach agreement on the Facebook data that will be produced. If they cannot do so, they are free to bring to the Court what should be a more narrow and focused dispute.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel is denied without prejudice.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 7, 2016